Mr. Justice Cox
delivered the opinion of the Court:
This was a bill filed to compel the specific performance of an agreement, or an alleged agreement, to convey real estate.
The complainant alleges that the defendant Maisak, in writing authorized certain real estate agents, known under the firm name of Weller & Repetti, to sell a part of lots 1 and 2 in square south of square 1036 for him, and that afterwards those agents sold the property to the complainant, who is the brother of one of them, on certain terms, and that the defendant Maisak saw an opportunity to make a better bargain and refused to complete the contract. Complainant asks for a specific performance. .
The defendant denies that he authorized any sale at all, still less such a sale as the complainant alleges was made to him. It therefore becomes a question of proof, and a contract of this kind can only be proved in the way that the statute requires, i. e., in writing. Tlie,v question is whether the evidence offered is such as to satisfy the statute.
*368 There are two rules by which a court is guided in a case of this sort, the first one being that an agreement of this kind must be made out fully in writing, and it must not he necessary to resort to parol evidence to supply any of its terms. It is not necessary that it should be all in one paper. It may be in different papers, but they must be connected by a reference in one to the other. If, on their face, they do not appear to refer to the same subject-matter, it will not do to resort to parol evidence to show that fact.
That must appear on the face of the paper by the reference of one to the other. In this case the paper signed by the complainant, which is relied upon, is in the following-language:
“ Washington, D. C., November 1886.
“Messrs. Weller & Repetti:
“Sirs: You are hereby authorized to act as my sole agents in the sale or exchange of the following described property, on the terms above indicated [those terms refer to the agents’ commission],
“Part of lots 1 and 2 in square south of square 1036, at the price of $1,800, net. Incumbrance, $1,100.
“Five frames, renting at $4 per month, about 146.5 on A Street, 20 on public space between Sixth and Seventh Streets.
“ Oh. Maisak.”
The other paper relied upon is the receipt given by the agents to the alleged purchaser, and is as follows:
“Washington, D. C., December 1, 1886.
“Received of Joseph A. Repetti a deposit of $50 to be applied in part payment of purchase of parts of lots 1 and 2 in square S of 1036, with the improvements thereon. The purchaser is required to make full settlement, in accordance with terms of sale, within fifteen days from this date, or deposit will be forfeited.
*369 “ Price of property $1,900. Terms of sale cash, balance -incumbrance to be assumed by purchaser, secured by deed of trust on the above described-property, with interest at the rate of- per cent, per annum, payable--. Title to be good or deposit refunded. Taxes to be paid November 1, 1886. Insurance,-. Conveyancing at cost of purchaser.
“Wellek & Repetti,
“ Agents for Oivners”
In the first place, it does not appear that the part of these lots referred to in this receipt is the same part of the lots referred to in the paper given to the agents. Non constat hut that it may be different. It does not appear that the owner is the same, either. That can only be shown by parol evidence. It will have to be shown by parol' that the parts of lots sold by Weller & Repetti were the parts they were authorized in writing to sell, by the owner. _ It will have to be shown that the owners referred to in the receipt are the same parties who authorized the sale. The agreement, therefore, is manifestly not complete, so far as the writings here are relied upon. Nor is anything gained by a note which the defendant Maisak is said to have written to his attorney:
“Me. Lasselle:
“Sib: Please come and see me, and bring the papers of square south of square 1036, as I have sold it. The money is deposited. Yours, etc., :
“C. H. Maisak.”
That does not indicate to what lot- it refers or what sale of lots these agents were authorized to make. Upon this ground the Court held that the Statute of Frauds is not complied with by these papers, and that they do not constitute a sufficient memorandum; and therefore the Court would not enforce the sale.
There is still another rule which is influential with courts *370 in regard to this matter, viz., that even if the whole contract is manifested in writing, whatever there is of it, and parol evidence is not relied upon at all, the contract at least must be very clear, or else this particular remedy of specific performance will not be administered.
At the outset is a difficulty which it is impossible for us to clear up in these pajiers. The bill shows it on its very face. It says: The original letter of the said defendant to the said Weller & Repetti, describing the said premises as parts of lots 1 and 2 in square south of square 1036, etc., and authorizing the said Weller & Repetti to act as his sole agents for the sale of said property at the price of $1,800 net, subject to the incumbrance of $1,100, is attached.
Then it goes on to state that they sold the real estate for the sum of $1,900 cash, “ less the amount of said incumbrance” — which shows a direct variance between the terms of sale made and the terms authorized. The terms authorized are said to be $1,800, subject to an incumbrance. The sale alleged to have been made is for $1,900 less an incumbrance. And when we come to the papers themselves they exhibit the same obscurity. The authority is to sell parts of lots 1 and 2 at the price of $1,800 net, with an incumbrance of $1,100. I do not know exactly what that means, whether it means net, subject to the incumbrance, or what. , It would appear to be so, and is alleged to be so in the very bill .itself. But when we turn over to the receipt given for the deposit, the price of the property is put at $1,900 and the terms of sale “cash,” (with a comma) and then “balance - incumbrance to be assumed by jiurchaser, secured by deed of trust on the above described property with interest at the rate of-per cent. per annum, payable-.”
It is impossible for the Court to make out what that means. This is a very good reason for not undertaking to enforce such an agreement.

The judgment of the Court below is affirmed.